UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY PANIGHETTI,<br><br>    Petitioner,<br><br>    v.<br><br>J. GASTELO,<br><br>    Respondent. | No. 2:18-cv-2015 KJM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition. ECF No. 17.

I. <u>Factual and Procedural Background</u>

On February 26, 2015, a jury convicted petitioner of assault with force likely to produce great bodily injury (Count 1) and assault with a deadly weapon (Count 2) in Sacramento County Superior Court case number 14F07183. ECF No. 11 at 5; ECF No. 12-1 (Lod. Doc. 1) at 10; ECF 18-2 (Lod. Doc. 2) at 1. An enhancement allegation that petitioner personally used a deadly or dangerous weapon was found true, as was an allegation that he had a prior conviction for a serious felony. Lod. Doc. 1 at 1; Lod. Doc. 2 at 5. The sentence on Count 2 was stayed and petitioner was sentenced to an aggregate term of fourteen years for Count 1, the weapon enhancement, and the prior serious felony. Lod. Doc. 1 at 1; Lod. Doc. 2 at 5.

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District, and the judgment was affirmed on April 1, 2016. Lod. Doc. 2. He then filed a pro se petition for review in the California Supreme Court (ECF No. 18-3 (Lod. Doc. 3)), which was denied on June 8, 2016 (ECF No. 18-4 (Lod. Doc. 4)).

B. State Collateral Review

Petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal for the Third District on November 26, 2015.[1] ECF No. 18-5 (Lod. Doc. 5). It was denied on December 23, 2015, with citations to In re Steele, 32 Cal. 4th 682, 692 (2004), and In re Hillery, 202 Cal. App. 2d 293 (1962). ECF No. 18-6 (Lod. Doc. 6).

Petitioner's next pro se habeas petition was filed on November 16, 2017, in the Sacramento County Superior Court. ECF No. 18-7 (Lod. Doc. 7). On January 25, 2018, the petition was denied as "baseless" and was explicitly found to be untimely. ECF No. 18-8 (Lod. Doc. 8).

On September 5, 2018, petitioner filed a pro se habeas petition in the California Court of Appeal for the Third Appellate District. ECF No. 18-9 (Lod. Doc. 9). It was denied without comment on September 27, 2018. ECF No. 18-10 (Lod. Doc. 10).

Petitioner then proceeded to file a petition for writ of habeas corpus in the California Supreme Court on October 11, 2018. ECF No. 18-11 (Lod. Doc. 11). The petition was denied on December 19, 2018. ECF No. 18-12 (Lod. Doc. 12).

C. Federal Petitions

On March 5, 2017, petitioner filed a petition for writ of habeas corpus in Panighetti v. Gustello (Panighetti I), No. 2:17-cv-1001 MCE DMC (E.D. Cal.). ECF No. 18-13 (Lod. Doc. 13). The petition challenged his conviction in Sacramento County Superior Court case number 14F07183. Id. The petition was dismissed because petitioner had failed to exhaust his state court

---

[1] The filing date of documents submitted when petitioner was proceeding pro se is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

2

remedies prior to filing suit in federal court. ECF Nos. 18-15 (Lod. Doc. 15), 18-16 (Lod. Doc. 16).

The original petition in this case was filed on July 1, 2018. ECF No. 1. Petitioner then filed a motion to amend the petition (ECF No. 4) and a motion to consolidate the petition in this case with the petition in Panighetti I (ECF No. 5). At that time, the petition in Panighetti I had already been dismissed for failure to exhaust and the motion to consolidate was denied. ECF No. 6. However, because it appeared that petitioner may have exhausted the claims he initially tried to bring in Panighetti I, he was given leave to amend. Id. The first amended petition was filed on October 19, 2018. ECF No. 11.

The first amended petition seeks relief on ten separate grounds. Id. at 8-12. Grounds 1 through 4 attempt to challenge petitioner's 1996 conviction for assault with a deadly weapon with great bodily injury, which was used to enhance his 2015 sentence, on grounds of judicial bias, instructional error, prosecutorial misconduct, and ineffective assistance of trial and appellate counsel. Id. at 8-9. The remaining six grounds challenge petitioner's 2015 conviction in Sacramento County Superior Court case number 14F07183 on grounds of prosecutorial misconduct, ineffective assistance of trial and appellate counsel, judicial bias/abuse of discretion, unconstitutional use of the 1996 conviction to enhance the sentence, and use of false evidence related to his 1996 conviction. Id. at 10-12.

II.  Motion to Dismiss

Respondent argues that the petition should be dismissed on several grounds. ECF No. 17. First, respondent argues that the petition violates Rule 2(e) of the Rules Governing Section 2254 Cases because it challenges convictions from more than one state court case. Id. at 3. Next, respondent asserts that the petition is untimely because it was filed over ten months after the expiration of the statute of limitations for the 2015 conviction and petitioner is not entitled to any tolling. Id. at 3-5. Respondent also asserts that the petition is unexhausted. Id. at 6-7. Finally, respondent argues that petitioner's challenge to his 1996 conviction is foreclosed by the holding in Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). Id. at 7-8.

////

Petitioner's opposition to the motion is spread over multiple filings interspersed with exhibits, making his arguments, at times, difficult to track. See ECF Nos. 19, 22, 23, 26, 27. In responding to the motion, petitioner acknowledges that Grounds 1 through 4 of the petition are challenges to his 1996 conviction, while the remaining grounds challenge his 2015 conviction, and he states that he will amend to bring the claims as two separate petitions if required. ECF No. 19 at 10; ECF No. 22 at 1, 10. Petitioner also appears to argue that the petition is not untimely because he was investigating his claims in a diligent and reasonable manner, and so his state petitions and the time he was investigating should toll the statute of limitations. ECF No. 19 at 15, 62-63, 80-81; ECF No. 22 at 2-3, 8; ECF No. 23 at 3. He also appears to claim that he is entitled to equitable tolling and that his petition is excused from untimeliness because he is actually innocent. ECF No. 19 at 10, 68-69; ECF No. 22 at 2, 4; ECF No. 23 at 1-2; ECF No. 26 at 1-3, 5-6. Finally, petitioner argues that his claims are exhausted and that Lackawanna does not bar his challenges to his 1996 conviction. ECF No. 19 at 2-3, 49-51; ECF No. 22 at 3, 5-9; ECF No. 23 at 3, 6.

      A.      1996 Conviction

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). A habeas petitioner is not considered in custody on a prior conviction just because it was used to enhance a subsequent conviction for which he is currently in custody. Lackawanna, 532 U.S. at 401 (citing Maleng, 490 U.S. at 492). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

Documentation attached to the petition demonstrates that petitioner received a six-year determinate sentence for his 1996 conviction for assault with a deadly weapon. ECF No. 11 at 85. Accordingly, that sentence has long since expired and to the extent Grounds 1 through 4 of

the petition attempt to directly challenge petitioner's 1996 conviction, they fail to state claims for relief because petitioner is no longer in custody for that sentence. However, a petitioner challenging a fully expired prior conviction that was used to enhance a current conviction will meet the "in custody" requirement where the claim is liberally construed as a challenge to the current conviction "as enhanced by the allegedly invalid prior conviction." Maleng, 490 U.S. at 493-494; Lackawanna, 532 U.S. at 401-02. Therefore, to the extent Grounds One through Four can be construed as challenges to the current sentence, for which petitioner is in custody, he meets the in-custody requirement.

Nevertheless, the Supreme Court has held that even where the custody requirement is thus satisfied, the alleged substantive invalidity of a prior conviction does not provide grounds for relief. Lackawanna, 532 U.S. at 402. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. Accordingly, a petitioner may not challenge his present custody on grounds that the prior conviction was not valid. Id.

The only fully-recognized exception to Lackawanna applies when "the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963)." Lackawanna, 532 U.S. at 404. The record in this case establishes that petitioner was represented by counsel in relation to his 1996 conviction (ECF No. 11 at 13), so this exception does not apply.

The Court of Appeals for the Ninth Circuit has recognized one other exception, based on the reasoning of the Lackawanna Court:

> when a defendant cannot be faulted for failing to obtain timely review of a constitutional challenge to an expired prior conviction, and that conviction is used to enhance his sentence for a later offense, he may challenge the enhanced sentence under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Durbin v. People of California, 720 F.3d 1095, 1099 (9th Cir. 2013). In Durbin, the Ninth Circuit

found that the petitioner could not be faulted for his failure to obtain timely review of his claims because the state court refused, without justification, to review his claims based on the incorrect determination that he was not in custody. Id. at 1099-1100. In this case, there is no evidence that petitioner was affirmatively prevented from presenting his claims to the state court. Rather, the petition and attached exhibits show that petitioner pursued a direct appeal and did not pursue additional claims because he only recently became aware of the potential legal theories for relief. ECF No. 11 at 13, 171; ECF No. 19 at 45-48. Grounds One through Four of the petition must therefore be dismissed.

>    B.    Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case the California Supreme Court denied direct review of petitioner's conviction on June 8, 2016. Lod. Doc. 4. The record shows petitioner did not submit a petition for writ of certiorari to the Supreme Court of the United States (ECF No. 11 at 6), meaning that his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The conviction therefore became final on September 6, 2016, and ADEPA's one-year clock began on September 7, 2016. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, petitioner had until September 6, 2017, to file a federal habeas corpus petition. Since the original petition in this action was not filed until July 1, 2018, the petition is untimely unless petitioner is entitled to tolling, and petitioner "bears the burden of

proving that the statute of limitation was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) (citing Smith v. Duncan, 297 F.3d 809, 814, 9th Cir. 2002)).

   i.   Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted).

As an initial matter, the petition in Panighetti I does not toll the statute of limitations because the pendency of a federal habeas petition has no tolling effect. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). The court must therefore consider whether any of petitioner's state habeas petitions entitled him to statutory tolling.

Petitioner's first state habeas petition was denied on December 23, 2015, over eight months before his conviction became final. Because the petition was denied before petitioner's conviction became final, it did not act to toll the statute of limitations. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (petition denied before statute of limitations began to run "had no effect on the timeliness of the ultimate federal filing"); Pough v. Marshall, 470 F. App'x 567, 568 (9th Cir. 2012) (petition filed before limitations period began did not toll statute of limitations because petition was not pending during time the statute of limitations was running). His next state habeas petition was not filed until November 16, 2017, over two months after the AEDPA statute of limitations expired. This petition, and the two subsequently filed state petitions, fails to toll the statute of limitations because state habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, petitioner is not entitled to tolling for any of his state habeas petitions.

Petitioner appears to argue that the petition is nonetheless timely because he was investigating his claims and proceeded in a diligent and reasonable manner, and so the time he

7

was investigating his claims should be considered time that he was pursuing his state court remedies and thus toll the statute of limitations. ECF No. 19 at 15, 62-63, 80-81; ECF No. 22 at 2-3, 8; ECF No. 23 at 3. However, the rule that a petition is timely so long as it is filed within a reasonable time applies to petitions filed in California state court, not those filed in federal court, Banjo, 614 F.3d at 968 ("A California petition is timely filed if it is filed within a 'reasonable time.'" (citing Evans v. Chavis, 546 U.S. 189, 192-93 (2006); Waldrip, 548 F.3d at 734)), and the fact that a petition is timely in state court does not mean that a federal petition will also be timely or that the state petition will toll the federal statute of limitations, see Ferguson, 321 F.3d at 823 (AEDPA's one-year statute of limitations applies even if state has a longer statute of limitations).

Petitioner also argues that his motions for discovery tolled the statute because they constituted reasonable efforts to investigate his claims. ECF No. 19 at 26, 53, 57-58. However, this argument also fails because it appears that the motions were denied prior to the conclusion of his direct appeal. The pendency of a discovery motion where the motion does not challenge the conviction, but rather seeks materials for use in later proceedings, does not toll the statute of limitations. Ramirez v. Yates, 571 F.3d 993, 999-1000 (9th Cir. 2009) ("We agree with the Second Circuit that 'if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions.'" (quoting Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001)).

Finally, to the extent it appears petitioner believes that his July 4, 2017 petition filed in Placer County Superior Court and challenging his 1996 conviction tolled the statute of limitations (ECF No. 19 at 10, 26-27, 57), he is mistaken. As set forth above, the only way petitioner can challenge his 1996 conviction is through his 2015 conviction. Accordingly, only state court proceedings challenging his 2015 conviction, which is the conviction currently being challenged in this court, will act to toll the statute of limitations.

Since petitioner is not entitled to statutory tolling, the petition is untimely unless petitioner is entitled to equitable tolling.

////

ii. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez, 571 F.3d at 997. "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Martinez v. Ryan, 133 F. App'x 382, 382-83 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause to overcome procedural default).

To the extent petitioner appears to argue that he is entitled to equitable tolling because he had limited access to the law library (ECF No. 19 at 18-19; ECF No. 23 at 1-2), this circumstance is not extraordinary, but instead is an ordinary incident of prison life experienced by most prisoners. Furthermore, petitioner fails to explain how this limited access made it impossible to file a timely habeas petition, particularly in light of the fact that Panighetti I[2] and his petition in

---

[2] Panighetti I was dismissed as unexhausted and the Ninth Circuit denied petitioner's application for a certificate of appealability. Panighetti I, ECF Nos. 24, 27, 35.

the Placer County Superior Court were both filed within the AEDPA statute of limitations. See Ramirez, 571 F.3d at 998 (no entitlement to equitable tolling where petitioner filed lengthy, well-researched motion for tolling in federal court and successful discovery motion in state court but "offer[ed] no explanation of how or why his restricted library access made it impossible for him to file a timely § 2254 petition but not these other substantial legal filings"). As extraordinary circumstances are not established, the undersigned does not reach the question of diligence and petitioner's claim that he is entitled to equitable tolling fails.

### iii. Actual Innocence

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. The Supreme Court held in Schlup, that a habeas petitioner who makes a "colorable claim of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." 513 U.S. at 314-15.

To invoke the miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. McQuiggin, 569 U.S. at 386. This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324

In the present case, petitioner does not introduce new reliable evidence to show a credible claim of actual innocence. Instead, petitioner argues that he has "clearly cited evidence of actual innocence and stated w[h]ere this evidence will be found if only one will exercise due diligence

and integrity in the release of the documents [he] has requested." ECF No. 22 at 4.  It is unclear what documents petitioner is referring to, but it appears he may be referring to trial transcripts, and trial testimony is not new evidence.  Furthermore, petitioner's arguments indicate that he would require discovery in order to obtain the new evidence of his innocence, rendering the existence of any such evidence speculative.  Without new evidence, the actual innocence exception does not apply.  Schlup, 513 U.S. at 327.

                iv.     Martinez v. Ryan

In response to the motion to dismiss, petitioner has submitted two motions for leave to submit newly discovered legal authority, in which he appears to argue that Martinez v. Ryan, 566 U.S. 1 (2012), saves his otherwise untimely claims.  ECF Nos. 26, 27.  The motions will be granted to the extent that the court considers the arguments as outlined below.

In Martinez, the United States Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," creating a narrow exception to the rule that ineffective assistance of counsel on collateral review does not establish cause to excuse a procedural default.  Martinez, 566 U.S. at 9.  However, "the equitable rule in Martinez 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition."  Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014) (citations omitted); Price v. Paramo, No. 2:13-cv-2449 WBS DAD, 2014 WL 5486621, at *3, 2014 U.S. Dist. LEXIS 153604, at *7-9 (E.D. Cal. Oct. 29, 2014) (collecting California District Court cases holding same), adopted in full, Dec. 4, 2014.  Accordingly, although Martinez could potentially provide petitioner with an avenue for overcoming a procedural default that occurred in *state* court, it does nothing to make his claims timely in *federal* court.  To the extent petitioner is also attempting to argue that a procedural default should be excused, respondent has not argued that any of his claims are defaulted, and so it is unnecessary to address the issue.

////

C.      Exhaustion

Because the petition was filed more than a year after judgment became final and petitioner is not entitled to tolling, the petition is untimely and the motion to dismiss should be granted. Grounds One through Four of the petition are further barred by Lackawanna. In light of these findings, the court declines to consider respondent's argument that the petition is also unexhausted.

III.    Request for Discovery

Petitioner requests discovery in the form of transcripts and records from his 1996 conviction, and alleges that respondent has violated a court order requiring the production of the documents he seeks. ECF No. 21 at 1-2. The order petitioner refers to required respondent to provide "all transcripts and other documents relevant to the issues presented in the petition" if the response to the petition was an answer. ECF No. 12 at 2. Respondent did not answer the petition and instead moved for dismissal. ECF No. 17. Therefore, there was no obligation to provide the documents sought by petitioner. In light of the recommendation that the petition be dismissed for the reasons set forth above, the undersigned finds discovery unnecessary in this case and the request for discovery will be denied.

IV.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations or that Grounds One through Four are barred by Lackawanna, and a

certificate of appealability should not issue.

V.     Plain Language Summary of this Order for a Pro Se Litigant

Your petition should be denied because it was filed too late and you have not shown that the statute of limitations should be tolled. You also have not shown that you could not challenge your 1996 conviction in a timely manner.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for discovery (ECF No. 21) is denied.

2. Petitioner's motions to submit newly discovered legal authority (ECF Nos. 26, 27) are granted.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted on the grounds that the petition is untimely and Grounds One through Four are further barred by Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).

2. Petitioner's application for a writ of habeas corpus be denied.

3. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE